**UNITED STATES of America, Appellee**

v.

**Gregory Lynn McCORMICK, Appellant.**

No. 11–3091.

United States Court of Appeals, District of Columbia Circuit.

March 26, 2013.

David Cotter Rybicki, Assistant U.S., Elizabeth Trosman, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Edward Charles Sussman, Law Office of Edward Sussman, Washington, DC, for Appellant.

Before: GARLAND, Chief Judge, GRIFFITH, Circuit Judge, and GINSBURG, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the district court and on the briefs and the oral arguments of the parties. Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* FED. R.APP. P. 36; D.C.CIR. RULE 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Gregory Lynn McCormick appeals his conviction for aggravated identity theft in violation of 18 U.S.C. § 1028A. To convict a defendant under § 1028A, the Government must prove the defendant knew the means of identification at issue belonged to "another person," i.e., a real person. *Flores–Figueroa v. United States*, 556 U.S. 646, 657, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009); *United States v. Villanueva–Sotelo*, 515 F.3d 1234, 1236 (D.C.Cir.2008).

McCormick contends the evidence was insufficient to prove he knew the victim, J. Arthur Brown, was a real person.

We must affirm a conviction where, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). At trial the Government introduced an email to McCormick with an attachment bearing Brown's name, address, and certified public accountant (CPA) number. The author of the email described the attachment as "a CPA letter I used with another client." On the basis of this evidence, we cannot say no reasonable jury could determine, beyond a reasonable doubt, that McCormick knew Brown was "another person" within the meaning of § 1028A.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.